IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RADIO TOWER NETWORKS, LLC, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 3:18-cv-03002-K |
| v. ) | |
| ) | |
| ONCOR ELECTRIC DELIVERY ) | |
| COMPANY LLC, ) | |
| ) | |
| **Defendant.** ) | |

**ONCOR ELECTRIC DELIVERY COMPANY LLC'S
ANSWER TO RADIO TOWER NETWORKS, LLC'S ORIGINAL COMPLAINT FOR
PATENT <u>INFRINGEMENT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS</u>**

Defendant Oncor Electric Delivery Company LLC ("Oncor"), by and through its undersigned counsel, answers Radio Tower Networks, LLC's Original Complaint For Patent Infringement ("Complaint") as follows:

## <u>PARTIES AND JURISDICTION</u>

1. Oncor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Oncor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3. Oncor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4. Oncor admits the first sentence of Paragraph 4 but denies the allegations of the second sentence of Paragraph 4.

5. Oncor denies the allegations contained in Paragraph 5.

## VENUE

6.      Oncor admits that the Complaint purports to arise under the patent laws of the United States.  Oncor admits the allegations in the third and fourth sentences of Paragraph 6 but denies the allegations in the second sentence of Paragraph 6.

## COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. 7,321,573

7.      Oncor incorporates its responses to the incorporated allegations.

8.      Oncor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9.      Oncor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10.     Oncor admits that what appears to be a copy of U.S. Patent No. 7,321,573 ("the '573 Patent") is attached to the Complaint as Exhibit A.

11.     Oncor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12.     Oncor denies the allegations contained in Paragraph 12.

13.     Oncor denies the allegations contained in Paragraph 13.

14.     Oncor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15.     Oncor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16.     Oncor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

17. Oncor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17.

18. Oncor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19. Oncor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20. Oncor denies the allegations contained in Paragraph 20.

21. Oncor denies the allegations contained in Paragraph 21.

22. Oncor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

## **COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 6,690,937**

23. Oncor incorporates its responses to the incorporated allegations.

24. Oncor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25. Oncor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26. Oncor admits that what appears to be a copy of U.S. Patent No. 6,690,937 ("the '937 Patent") is attached to the Complaint as Exhibit B.

27. Oncor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28. Oncor denies the allegations contained in Paragraph 28.

29. Oncor denies the allegations contained in Paragraph 29.

30. Oncor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31. Oncor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32. Oncor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

33. Oncor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34. Oncor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

35. Oncor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

36. Oncor denies the allegations contained in Paragraph 36.

37. Oncor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

38. Oncor denies the allegations contained in Paragraph 38.

39. Oncor denies the allegations contained in Paragraph 39.

40. Oncor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Radio Tower Networks, LLC to which no response is required.  Oncor denies that Radio Tower Networks, LLC is

entitled to any of the requested relief and denies any allegations contained in the Prayer For Relief to which a response is required.

## AFFIRMATIVE DEFENSES

### First Defense

Oncor does not infringe, directly or indirectly, any valid, enforceable claim of the '573 Patent or the '937 Patent (collectively, "the Patents-In-Suit").

### Second Defense

Radio Tower Networks, LLC is not entitled to injunctive relief because any injury to Radio Tower Networks, LLC is neither immediate nor irreparable, and Radio Tower Networks, LLC has an adequate remedy at law.

### Third Defense

Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the asserted claims of the Patents-In-Suit.

### Fourth Defense

The Complaint fails to state a claim of indirect infringement for which this Court can grant relief because the Complaint fails to allege – either specifically or generically – the existence of any direct infringer whose infringement Oncor induces.

## PRAYER FOR RELIEF

WHEREFORE, having fully responded to Radio Tower Networks, LLC's Complaint, Oncor prays for judgment or entry of an order:

a. Dismissing Radio Tower Networks, LLC's Complaint with prejudice, with Radio Tower Networks, LLC taking nothing;

  b.  Declaring that Oncor has not infringed and does not infringe any claim of the Patents-In-Suit – namely, the '573 Patent and the '937 Patent – either directly or indirectly;

  c.  Declaring that each of the Patents-In-Suit is invalid;

  d.  That this is an exceptional case under 35 U.S.C. § 285 and awarding to Oncor its reasonable attorneys' fees and costs incurred in this action; and

  e.  Granting to Oncor other and further relief as the Court may deem just and proper.

DATED: February 11, 2019

               Respectfully submitted,

               By: */s/ John C. Stewart*
               John C. Stewart
               State Bar No. 19211525
               115 W. 7th Street, Suite 405
               Fort Worth, Texas 76102
               (817) 215-5885
               (817) 215-6360 (FAX)
               john.stewart@oncor.com

               ***Attorney for Defendant Oncor Electric Delivery Company LLC***

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on February 11, 2019 the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).

               /s/ John C. Stewart